### JOE TORRES ESCAMILLA V. STATE

No. 32,841. January 18, 1961

Motion for Rehearing Overruled March 8, 1961

*Guy Bonham,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Jack Paul Leon, Harry A. Nass, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge

The offense is the possession of heroin; the punishment, 10 years.

U. S. Narcotic Agent Frost and Officer Ortiz of the San Antonio police narcotic division testified that, in company with U. S. Agent Bland, they went to the home of Edward Tafolla, who was at the time acting as a special employee of the Bureau of Narcotics and the San Antonio police, searched him, gave him $10.00, and carried him to a point in the city where they parked the government automobile in which they were traveling. They testified that Agent Bland first left the automobile and walked in the direction of the intersection of Zarzamora and Guadalupe Streets

and that some five minutes later Tafolla left the automobile and walked in the same direction. They testified that after another twenty minutes Tafolla returned to where they were waiting, delivered to Agent Frost a capsule of what was later shown by expert testimony to be heroin and a one dollar bill, and was again searched. Sometime later they picked up Agent Bland, and approximately two hours later appellant and a number of other persons were arrested at the Soto cafe located at the intersection of Zarzamora and Guadalupe.

Agent Bland testified that he was the first to leave the automobile and that he proceeded to a liquor store across the street from the Soto cafe where he set up a surveillance of the cafe, that he saw Tafolla coming from the direction of the automobile where he had left him, saw him enter the Soto cafe, that a short while thereafter Tafolla came out of the cafe in company with appellant, and while they were standing on the sidewalk one Victor Mandujano came up to them and the three engaged in a conversation. He testified that Tafolla handed something to appellant, and appellant, in turn, handed it to Mandujano, and the three walked south on Zarzamora a short distance and came to a halt, at which time Mandujano crossed the street, entered a filling station, and when he returned to where Tafolla and appellant were waiting he (Mandujano) handed a package to appellant; appellant, in turn, handed it to Tafolla, and Mandujano then left. He stated that Tafolla and appellant walked together to a shack on Montezuma Alley, which they entered and where they remained approximately ten minutes, and when they emerged they walked back to the Soto cafe, at which point they separated, and Tafolla proceeded back to the government automobile. Bland further testified that the "going price" for illicit heroin at the time in question was $4.50 per capsule.

Tafolla testified that at the time in question he was working as a special employee of the Federal Narcotics Bureau as well as the San Antonio police; that Frost, Ortiz and Bland came to his house, searched him, gave him ten dollars, and proceeded to a certain point in the city, parked the government automobile and Bland got out and walked in the direction of the Soto cafe. He testified that he waited some five minutes and proceeded in the same direction, that when he entered the cafe he found appellant seated in a booth with two other men, that he joined them and appellant asked him if he was "looking for some stuff," and that he replied in the affirmative. He stated that appellant told him that if he would "give him a small fix," he would "connect for him," which he explained was the vernacular employed by ad-

dicts and pushers as meaning that if Tafolla would give appellant a small portion of the narcotics he wished to buy, he would put him in touch with a seller. He testified that as he and appellant came out of the Soto cafe they met Mandujano and appellant said, "This is the kid I am going to score from," and that the three proceeded south on Zarzamora some thirty feet, when appellant asked him for the money for the two capsules which he had requested, that he gave the ten dollar bill to appellant, and appellant, in turn, handed it to Mandujano, who crossed the street to a filling station and returned with a cellophane bag containing two capsules and a one dollar bill which he handed to appellant, who, in turn, handed them to him. He stated that Mandujano left them and he and appellant proceeded to an unoccupied shack on Montezuma Alley where they prepared one of the capsules for injection and both of them took a "shot." He stated that after this they walked back by the Soto cafe where he left appellant and then proceeded on to the government automobile and delivered the remaining capsule and the dollar change to Agent Frost.

The chain of custody of the capsule and the fact that it contained heroin were adequately established.

Appellant, testifying in his own behalf, admitted seeing Tafolla at the Soto cafe on the day in question, admitted seeing Mandujano in the street and admitted a prior Federal conviction, but denied any connection with narcotics. He called several witnesses to show that when he was arrested later that night no narcotics or money was found on his person.

We need not pass upon the question as to whether or not Tafolla was an accomplice witness because the trial court instructed the jury that he was and further charged them on the law of circumstantial evidence. We do, however, conclude that the evidence as hereinbefore stated was sufficient to corroborate Tafolla's testimony and to support this conviction under the charge as given.

The judgment is affirmed.